UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LESLY TODESCO, wife/of and JOSEPH TODESCO; individually and derivatively as shareholders of HAELAN PRODUCTS, INC., and HAELAN PRODUCTS, INC. | * | CIVIL ACTION |
| versus | * | SECTION |
| SUCCESSION OF WALTER H. WAINWRIGHT, GLENDA WAINWRIGHT, HAELAN RESEARCH FOUNDATION, INC. and WAINWRIGHT HAELAN, LLC | * | MAGISTRATE |

**************************************************

**ORIGINAL COMPLAINT REMOVING STATE ACTION PURSUANT TO 28 U.S.C. § 1441(b) and 1446(b)(3) BASED ON 28 U.S.C § 1331**

The Original Complaint removing State Action Docket Number 739-565, 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, as to the above-captioned parties, with respect represents:

## I. BASIS FOR REMOVAL

1. Prior to the judgment mailed to all parties on October 31, 2016, this case was not removable for lack of complete diversity, Strawbridge v. Curtis, 7 U.S. 267 (1806).

2. The original Complaint, filed June 18, 2014, sought damages for alleged breaches of fiduciary duties in connection with a company Walter Wainright ("Wainright") founded, Haelan Products.

3. Wainright died August 13, 2013, commencing an acrimonious fight for the ownership and control of Haelan, as to which defendants counterclaimed on October 21, 2014, seeking damages and the appointment of a receiver.

4. Mrs. Wainright, 77 years-old, was a 50% owner of Haelan with the Todescos owning the other 50%, a hopeless deadlock mandating receivership and/or liquidation.

## II. FRAUDULENTLY CONCEALED AND ILLEGAL PURCHASE OF LITIGIOUS RIGHTS

5. In an unprecedented scheme to misappropriate Mrs. Wainright's 50% interest and end the litigation, the Todescos utilized a case filed by Louis Auto Glass, Inc. ("LAG") in Whatcom County, Washington ("the Soap Case").

6. The gravamen of the Soap Case, was unpaid rent of a warehouse used to store a unique soap product from China which Wainright had developed and nurtured before he died.

7. The controversy in the Soap Case was $13,600 of unpaid rent that Todesco failed to pay after Wainright died.

8. After a hearing on August 18 and 19, 2015, the Whatcom court indicated that LAG would prevail in the collection of back rent, leaving the lawyers to provide proposed findings of fact.

9. During the two months the lawyers traded drafts, Todesco and LAG agreed to an assignment of the *expected* judgment to Todesco, who would surreptitiously seize Mrs. Wainright's interest in Haelan.

10. On November 5, 2015, eight days *before* the judgment was rendered, LAG and Todesco agreed to $15,000 as the sales price of the anticipated judgment against Mrs. Wainright, Exhibit A.

11. The Terms and Conditions shockingly provided as follows:

> Upon execution of this Agreement, Joseph Todesco shall deposit the sum of Fifteen Thousand Dollars ($15,000) by certified check, payable to the Trust Account of Adelstein, Sharp & Serka, LLP to be held, administered and distributed pursuant to the terms of this Agreement, ¶ 1....
>
> 2. In consideration of the payment recited in Section 1, LAG hereby assigns all Judgment Creditor Rights....to be entered against [Mrs. Wainright] immediately upon the entry of said judgment regardless if the Judgment is appealed, ¶ 2....
>
> 3. The parties premised their negotiations upon an understanding the Judgment would be $45,062....If [Wainright] persuades the Court to reduce the Judgment by 15% or more [the parties will negotiate a discount], ¶ 3....[1]

---

[1] All of this was concealed until September 26, 2016, when it was produced in response to a subpoena at the subject Jefferson Parish hearing.

12. The November 5 agreement was *prepared* October 27, 2015, as evidenced by the identification mark at page 4:

(10272015 Todesco Agreement)

13. On November 13, 2015, judgment was rendered as anticipated for $45,052 in favor of LAG and the "deal" to sell all rights to Todesco for $15,000 was a *fait accompli*.

14. Also on November 13, 2015, an

> ASSIGNMENT OF JUDGMENT CREDITOR RIGHTS BY LOUIS AUTO GLASS, INC. TO JOSEPH TODESCO

was executed, showing the identification mark at page 3, Exhibit C:

(10282015 Todesco Agreement)

15. Mrs. Wainright *never* received notice that the LAG judgment had been sold to Todesco.

## III. THE STEALTH SEIZURE OF MRS. WAINRIGHT'S SHARES

16. On November 24, 2015, at 11:47 a.m., Todesco, as "...assignee of Louis Auto Glass..." e-filed a lawsuit in a court different from the Whatcom court which issued the Soap Case judgment, Exhibit D, Case No. 15-2-28413, ("the New Lawsuit") seeking the following relief:

> "The undersigned requests that you issue a writ of execution in the above action against the personal property of [Mrs. Wainright], which personal property includes but is not limited to Haelan Products Stock Certificates Nos. 3 and 4, or any other Haelen Products Stock Certificates, and deliver it to the Sheriff of King County.

17. On November 24, 2015, in order to complete the circle, it was necessary to obtain an "Abstract of Judgment" from Whatcom County, Exhibit E, and file same in the New Lawsuit, Exhibit F.

18. On November 25, 2015, a "Writ of Execution Against Personal Property" was filed in the New Lawsuit, COMMANDING the Sheriff of King County to "...satisfy the judgment entered herein out of nonexempt personal property of [Mrs. Wainright], which personal property includes, but is not limited to Haelan Products Stock Certificates Nos. 3 and 4 or any other Haelan Products, Stock Certificates...", Exhibit G.

19. The sheriff of King County was *not* commanded to seize and sell the stock and the records of the Sheriff's office do *not* show the receipt or service of a writ, Exhibit F.

20. Mrs. Wainright has *never* received any notice of any of the actions taken in the New Lawsuit, as a consequence of which the underlying Soap Case and the underlying New Lawsuit and any orders emanating therefrom have violated the mandates of the United States Supreme Court in *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983) and its considerable progeny.

21. On December 18, 2015, (after all the damage had been done) a Judgment and Order was entered in the Soap Case in favor of Todesco, for attorneys fees, in the sum of $42,761.99, Exhibit H, giving Todesco a total of $87,824.96, and counting, for the $15,000 price.

22. As a consequence of the actions and inactions, frauds and deceptions, the defendants are entitled to removal of the state court action and the invocation of this Court's Federal Question jurisdiction pursuant to 28 U.S.C. § 1331.

## IV. COUNT ONE:
## DECLARATION THAT MRS. WAINRIGHT OWNS A 50% INTEREST IN HAELAN

23. Pursuant to the provisions of 28 U.S.C. § 2201, Defendant Glenda Sellers Wainright is entitled to judgment recognizing her ownership of a 50% interest in Haelan Products, Inc., uninterrupted.

## V. COUNT TWO:
## REINSTATEMENT OF DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFFS

24. Pursuant to the provisions of 28 U.S.C. § 2201, Defendants are entitled to full reinstatement of their reconventional demands (counter-claims) impaired by the judgment of October 31, 2016 in the state court action.

## VI. COUNT THREE:
## DECLARATION THAT TODESCO'S $15,000 PURCHASE OF THE JUDGMENT IN THE SOAP CASE CONSTITUTED A PROHIBITED PURCHASE OF LITIGIOUS RIGHTS

25. Pursuant to the provisions of 28 U.S.C. § 2201, Defendant Glenda Sellers Wainright is entitled to judgment declaring Todesco's $15,000 purchase of the Soap Case judgment a prohibited purchase of litigious rights.

26. Pursuant to the provisions of Louisiana Civil Code Article 2652, triggering the rights of litigious redemption, a declaration that Glenda Sellers Wainright, for and in consideration of the redemption price of $15,000, in entitled to redeem the infirm judgment and extinguish all rights, obligations emanating therefrom.

## COUNT FIVE: INTENTIONAL INFLICTION OF EMOTIONAL DAMAGES

27. Reiterating all allegations of the reconventional demand in the state action, as augmented by the facts set forth herein, and as may be further shown at the trial of this matter, Plaintiffs in reconvention (counterclaimants) are entitled to recover for Intentional Infliction of Emotional Damages.

## COUNT SIX: DAMAGES FOR USURPATION OF CORPORATE OPPORTUNITIES AND BREACHES OF FIDUCIARY DUTIES

28. Reiterating all allegations of the reconventional demand in the state action, as augmented by the facts set forth herein, and as may be further shown at the trial of this matter, Plaintiffs in reconvention (counterclaimants) are entitled to recover for damages caused by Usurpation of Corporate Opportunities and Breaches of Fiduciary Duties.

## COUNT SEVEN: ACCOUNTING BY PLAINTIFFS OF ALL TRANSACTIONS AND OF SELF-DEALING AND JUDGMENT ORDERING RESTITUTION OF FUNDS OR PROPERTY TAKEN

29. Reiterating all allegations of the reconventional demand in the state action, as augmented by the facts set forth herein, and as may be further shown at the trial of this matter, Plaintiffs in reconvention (counterclaimants) are entitled to full accounting of all transactions and all instances of self-dealing and a judgment ordering restitution.

## COUNT EIGHT: REMOVAL OF PLAINTIFF FROM POSITIONS OF CONTROL AND APPOINTMENT OF THIRD-PARTY ADMINISTRATOR, RECEIVER OR LIQUIDATOR

30. Reiterating all allegations of the reconventional demand in the state action, as augmented by the facts set forth herein, and as may be further shown at the trial of this matter, Plaintiffs in reconvention (counterclaimants) are entitled to have the Court remove plaintiffs from any and all positions of control and for the appointment of a third-party Administrator, Receiver or Liquidator, as the exigencies may dictate.

## COUNT NINE: TRIAL BY JURY

31. Defendants-Counterclaimants are entitled to a trial by jury as to all legal claims and as to the underlying facts necessary to provide equitable relief.

Respectfully Submitted,

*s/ Henry L. Klein*

Henry L. Klein (7440)
844 Baronne Street
New Orleans, Louisiana 70113
(504) 301-3027
henryklein44@gmail.com